**'08 CIV 4507**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERACION NACIONAL DE CAFETEROS DE COLOMBIA, a/k/a NATIONAL FEDERATION OF COFFEE GROWERS OF COLOMBIA, and COLOMBIAN COFFEE FEDERATION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ULISES VALDEZ and ADELINA VALDEZ,<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

RECEIVED MAY 14 2008 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiffs FEDERACION NACIONAL DE CAFETEROS DE COLOMBIA, a/k/a NATIONAL FEDERATION OF COFFEE GROWERS OF COLOMBIA, and COLOMBIAN COFFEE FEDERATION, INC. (collectively, "The Federation" or "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against defendants ULISES VALDEZ and ADELINA VALDEZ (collectively, "Defendants"), respectfully show and allege as follows:

## NATURE AND BASIS OF ACTION

1.  This is an action for trademark infringement, use of false designations of origin, unfair competition and dilution arising under the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1051 et seq.; unfair competition, misappropriation, and dilution under the laws of the State of New York; and common law unfair competition. The Federation seeks monetary and injunctive relief against Defendants.

## PARTIES

2.  Plaintiff Federacion Nacional de Cafeteros de Colombia ("Federacion"), also known as National Federation of Coffee Growers of Colombia, is a corporation organized and existing under the laws of the Republic of Colombia, having its principal place of business at Calle 73 No. 8-13, Bogota, Colombia. Federacion also maintains an office at 140 East 57th St., New York, New York 10022. Federacion is a non-profit association founded in 1927 and is the administrator of the Fondo Nacional del Café, which is also known as the National Coffee Fund. Federacion is and has for many years been well known in the coffee industry for promoting the production and exportation of Colombian coffee in the United States and throughout the world and for monitoring the quality

of Colombian coffee sold in the United States to ensure it is made from one hundred percent Colombian coffee beans that The Federation approves.

3. Plaintiff Colombian Coffee Federation, Inc. is the United States subsidiary of The National Federation of Coffee Growers of Colombia and is a corporation having its principal place of business at 140 East 57th St., New York, New York 10022.

4. Upon information and belief, Defendants are residents of the state of California and reside at Suite 9 129 N. Cloverdale Blvd., Cloverdale, California 95425. Upon information and belief, Defendants maintain a family-owned winery, the Valdez Family Winery, located at PO Box 157, Geyserville, California 95441.

JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367 because this case arises under the Lanham Act. This Court has original and supplemental jurisdiction over the unfair competition claims asserted herein under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are substantial and related to The Federation's claims under the Lanham Act, such that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue in this Judicial District is proper under 28 U.S.C. § 1391 because Defendants have committed certain of the unlawful acts complained of in this Judicial District. In addition, Plaintiffs maintain a place of business in New York, New York, and therefore reside and may be found within this Judicial District.

### PLAINTIFFS' ACTIVITIES

7.     The Federation is a well-known non-profit organization based in Bogota, Colombia that tries to stabilize the market for Colombian coffee and undertakes research, social assistance and promotion programs on behalf of small, independent farmers. The Federation establishes and maintains the highest standards for Colombian coffee, monitoring exported Colombian coffee to ensure that it is made of one hundred percent Colombian coffee beans of acceptable quality. Since at least 1960, and since long before the acts of Defendants complained of herein, The Federation has continuously and extensively used the famous trademark JUAN VALDEZ to identify and serve as a seal of guarantee to the brands of coffee that consist of one hundred percent Colombian coffee as approved of by The Federation.

8.     The Federation introduced the JUAN VALDEZ mark in about 1960 as part of an advertising campaign for Colombian coffee. The JUAN VALDEZ mark

is the name of a fictitious character that symbolizes and personifies the more than 560,000 hardworking and dedicated Colombian coffee farmers that depend on coffee for their livelihood, and are a part of The Federation. Coffee made from one hundred percent Colombian coffee beans has been and is processed and sold in the United States under the famous mark JUAN VALDEZ pursuant to agreements between coffee processors and The Federation or predecessors of The Federation.

9. As a result of such longstanding, widespread, extensive and continuous use, The Federation enjoys well-established and exclusive rights in and to the name and mark JUAN VALDEZ for coffee and coffee-related goods and services, and the mark JUAN VALDEZ identifies and distinguishes the goods and services of The Federation from the goods and services and businesses of others; symbolizes the goodwill of the businesses of The Federation; and is well known. As a result, the mark JUAN VALDEZ is of great value to The Federation in connection with the offering of coffee and coffee-related goods and services. The mark JUAN VALDEZ is an integral part of The Federation and represents the values and dedication of Colombia's coffee growers.

10. Federacion is the owner of renewed U.S. registration number 866,500, which was issued by the United States Patent and Trademark Office on March 11, 1969, for the mark JUAN VALDEZ used in connection with "coffee." Said

registration is valid and subsisting, has not been revoked or cancelled, and is in full force and effect.

11. Federacion is also the owner of U.S. registration number 3,371,690, which was issued by the United States Patent and Trademark Office on January 22, 2008, for the mark JUAN VALDEZ used in connection with "services for providing food and drinks for human consumption; restaurants, cafeterias, temporary accommodation." Said registration is valid and subsisting, has not been revoked or cancelled, and is in full force and effect.

12. The Federation has used the mark JUAN VALDEZ for and in connection with coffee and for and in connection with related services in interstate commerce in and throughout the United States continuously and extensively since at least as early as March 1960 and December 2002 respectively.

13. The trademark registrations of the JUAN VALDEZ Marks owned by Federacion are conclusive evidence of the validity of the registered marks and of the registrations of the marks, of Federacion's ownership of the marks, and of Federacion's exclusive right to use the registered marks in commerce in connection with coffee and related services.

14. Federacion is also the owner of a family of JUAN VALDEZ marks for coffee and coffee-related goods and services, including JUAN VALDEZ,

JUAN VALDEZ (Stylized), JUAN VALDEZ PODS, JUAN VALDEZ DOUBLEKICK, JUAN VALDEZ KICK, JUAN VALEZ DOUBLE KICK, JUAN VALDEZ KICK LIGHT, JUAN VALDEZ Y CONCHITA, CAFÉ BUENDIA BY JUAN VALDEZ, and JUAN VALDEZ CAFEREALE (collectively, the "JUAN VALDEZ Trademarks").

15. Because of the superior quality and excellence of The Federation's goods and services, The Federation has built up an exceptional reputation and valuable commercial goodwill in the JUAN VALDEZ Marks. Moreover, due to the extensive advertising and promotional activities undertaken by The Federation, the mark JUAN VALDEZ has become famous and well known in the United States within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125 (c).

## DEFENDANTS' UNLAWFUL CONDUCT

16. Upon information and belief, Defendants are the owners of a family-owned winery in Northern California, which was founded long after The Federation began use of the mark JUAN VALDEZ. Upon information and belief, Defendants began managing vineyards, growing wine grapes and making their own wines long after The Federation began use of the mark JUAN VALDEZ for coffee.

17. Upon information and belief, Defendants offer and/or intend to offer wines under different names that include the mark VALDEZ. Upon information and belief, Defendants use marks with VALDEZ in connection with their California winery and its services, for collaborative wine products such as PAUL HOBBS ULISES VALDEZ Vineyard Russian River Valley Chardonnay, as well as part of the Internet domain name "www.valdezfamilywinery.com."

18. Defendants filed with the United States Patent and Trademark Office on September 21, 2005 applications to register the following trademarks for use in connection with "wines": VALDEZ FAMILY VINEYARDS, VALDEZ FAMILY WINERY, VALDEZ FAMILY WINES, VALDEZ FAMILY CELLARS and VALDEZ FAMILY WINE CELLARS. Upon information and belief, oppositions are pending at the Trademark Trial and Appeal Board against all of Defendants' applications for the VALDEZ Marks, serial numbers 78/717,575, 78/717,497, 78/717,538, 78/717636 and 78/717,668. Defendants did not claim use in their applications for any of the above-referenced applications. No registrations have issued based on Defendants' applications.

19. Upon information and belief, Defendants disclaimed the following word elements in the applications for the VALDEZ Marks: "FAMILY VINEYARDS" apart from the mark VALDEZ FAMILY VINEYWARDS,

"WINERY" apart from the mark VALDEZ FAMILY WINERY, "WINES" apart from the mark VALDEZ FAMILY WINES, "CELLARS" apart from the mark VALDEZ FAMILY CELLARS and "WINE CELLARS" apart from the mark VALDEZ FAMILY WINE CELLARS.

20. Defendants' unlawful use of the VALDEZ Marks is likely to cause confusion, mistake, and deception on the part of the consuming public and may cause consumers to believe that Defendants, their goods and services, and/or businesses are associated, affiliated or connected with, or endorsed by, The Federation.

21. Defendants' unlawful use of the VALDEZ Marks also dilutes the distinctive qualities of the famous and well-known mark JUAN VALDEZ. The production and sale of wines under the VALDEZ Marks damages the capacity of each of the JUAN VALDEZ Trademarks to serve as a source identifier and erodes the unique quality of each mark.

## COUNT I

### INFRINGEMENT OF REGISTERED TRADEMARK

22. The Federation repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 20 above.

23. Defendants' willful, deliberate and knowing use of the VALDEZ Marks in connection with wines constitutes use in commerce in connection with the sale, offering for sale, production, distribution and/or advertising of goods of a name and mark that are likely to cause confusion or mistake and to deceive consumers as to the source or origin of Defendants' goods.

24. Defendants' use of the VALDEZ Marks as described above constitutes infringement of The Federation's federally registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25. The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause The Federation irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

COUNT II

FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT

26. The Federation repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 24 above.

27. Long prior to the acts complained of herein, The Federation commenced use of the mark JUAN VALDEZ in the United States for coffee, and

The Federation has continuously used said mark in connection with such goods since at least 1960.

28.  As a result of the longstanding, widespread, continuous and extensive use of the JUAN VALDEZ Trademark by The Federation for coffee and coffee-related goods and services, the mark JUAN VALDEZ has become well and favorably known by the consuming public.  As a result of such use, the mark JUAN VALDEZ has come to represent the source of origin of the brands of coffee that consist of one hundred percent Colombian coffee as approved by The Federation.

29.  Since long before the acts of Defendants complained of herein, the mark JUAN VALDEZ has been, and is now, used by The Federation and coffee processors who have agreements with The Federation.  Each of these coffee processors benefits from use of the famous mark JUAN VALDEZ, and such use inures to the benefit of The Federation.

30.  In connection with the foregoing use by The Federation and certain coffee processors, the mark JUAN VALDEZ has been widely publicized and is recognized as being identified with The Federation and one hundred percent Colombian coffee.

31. Defendants' use of the VALDEZ Marks constitutes use in commerce of a false or misleading designation of origin that is likely to deceive, to cause mistake or to cause confusion by leading consumers into believing that Defendants have an affiliation with The Federation, are sponsored, licensed or approved of by The Federation, or are otherwise associated with The Federation.

32. The aforesaid acts of Defendants constitute use of false designations of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause The Federation irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

COUNT III

DILUTION IN VIOLATION OF
SECTION 43(C) OF THE LANHAM ACT

34. The Federation repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 32 above.

35. Defendants' use of the VALDEZ Marks has diluted and will continue to dilute the distinctive quality of The Federation's JUAN VALDEZ Trademarks,

with consequent damage to The Federation and the business and goodwill symbolized by said marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

36. The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause The Federation irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION AND MISAPPROPRIATION IN VIOLATION OF NEW YORK STATE LAW

37. The Federation repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 36 above.

38. The acts of Defendants as described above constitute unfair competition and misappropriation by Defendants to their own use and benefit of the valuable goodwill, reputation and business property of The Federation, in violation of the common law of the State of New York.

39. The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause The Federation

- 14 -

irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT V

### DILUTION IN VIOLATION OF NEW YORK STATUTE

40.     The Federation repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 39 above.

41.     Defendants' unauthorized use of the VALDEZ Marks is likely to dilute the distinctiveness of The Federation's JUAN VALDEZ Trademarks, with consequent damage to The Federation and the business and goodwill symbolized by said trademarks, in violation of the New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-*l*.

42.     The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause The Federation irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT VI

## POWER OF COURT OVER REGISTRATIONS UNDER THE LANHAM ACT

43. The Federation repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 42 above.

44. Defendants filed a number of applications for the VALDEZ Marks with the United States Patent and Trademark Office. The Court has jurisdiction over these trademark applications and may determine the right to registration pursuant to 15 U.S.C. § 1119.

45. Allowing the registration of the VALDEZ Marks would violate Plaintiffs' rights. The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause The Federation irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

46. The Court should order the United States Patent and Trademark Office to deny registration of Defendants' pending applications for the VALDEZ Marks on the ground that Defendants' use of the VALDEZ Marks is unlawful.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in this Complaint, Plaintiffs The Federation respectfully pray that:

(1) The Court enter judgment that Defendants have

    (a) infringed The Federation's rights in and to the mark JUAN VALDEZ in violation of 15 U.S.C. § 1114(1);

    (b) used false designations of origin and unfairly competed with The Federation in violation of 15 U.S.C. § 1125(a);

    (c) caused dilution of the distinctiveness of the famous marks JUAN VALDEZ in violation of 15 U.S.C. § 1125 (c);

    (d) injured The Federation's business reputation and diluted the distinctive quality of the mark JUAN VALDEZ in violation of New York General Business Law § 360-*l*; and

    (e) unfairly competed with and otherwise misappropriated the trademarks and goodwill associated with the mark JUAN VALDEZ by using the VALDEZ Marks in connection with its wines;

(2) The Court enter a judgment permanently enjoining and restraining Defendants and each of their agents, employees, servants, attorneys, successors and assigns, and all others in active concert or participation with Defendants, from:

    (a) using the VALDEZ Marks, or any mark confusingly similar to the mark JUAN VALDEZ, in or as part of a trademark, service mark, trade name or otherwise in connection with Defendants' goods;

(b) representing directly or indirectly in any form or manner whatsoever that Defendants or their business or goods are those of The Federation or are in any manner associated with, sponsored, licensed or approved by The Federation, or otherwise engaging in any actions likely to cause confusion, mistake or deception as to the source, origin, sponsorship, association or affiliation of Defendants or their business or services; and

(c) otherwise infringing the trademark rights of The Federation, or otherwise competing unfairly with The Federation in any manner;

(3) The Court enter a judgment ordering Defendants to file with this Court and to serve on The Federation within thirty (30) days after the entry of the judgment herein a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the foregoing injunctions;

(4) The Court enter a judgment awarding The Federation (i) Defendants' profits, (ii) The Federation's damages, which amount may be trebled by the Court, and (iii) the costs of the action, pursuant to 15 U.S.C. § 1117(a) and New York statutory and common law;

(5) The Court enter a judgment ordering Defendants to pay The Federation's costs and reasonable attorney's fees in a sum and manner deemed

appropriate by this Court based on the deliberate and willful acts of Defendants pursuant to 15 U.S.C. § 1117(a) and the laws of the State of New York;

(6) The Court order the United States Patent and Trademark Office to deny registration of Defendants' VALDEZ Marks pursuant to 15 U.S.C. § 1119; and

(7) The Court grant The Federation such other and further relief as this Court deems just, proper, and equitable.

Dated: May 14, 2008

        Respectfully submitted,

        KING & SPALDING LLP

        */s/ Ethan Horwitz*
        Ethan Horwitz (EH 7152)
        Clark W. Lackert (CL 0844)
        Larry H. Tronco (LT 4903)

        1185 Avenue of the Americas
        New York, New York 10036-4003
        Telephone: 212-556-2100
        Facsimile: 212-556-2222

        Attorneys for Plaintiffs
        FEDERACION NACIONAL DE
        CAFETEROS DE COLOMBIA,
        a/k/a NATIONAL FEDERATION OF
        COFFEE GROWERS OF COLOMBIA, and
        COLOMBIAN COFFEE FEDERATION, INC.

OF COUNSEL:

Emily Bienko Brown
   (Ga. Bar No. 056834)
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100